UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL LORUSSO,<br><br>               Petitioner,<br><br>v.<br><br>STATE OF FLORIDA,<br><br>               Respondent. | **MEMORANDUM DECISION AND DISMISSAL ORDER**<br><br>Case No. 2:25-cv-00475-DBB<br><br>District Judge David Barlow |

The Court now reviews Petitioner's § 2241 petition, 28 U.S.C.S. § 2241 (2025), which asserts that Petitioner is a pretrial detainee being held at a facility in Gainesville, Florida. (ECF No. 1.)

In general, a § 2241 petition is used to attack the execution of a term of confinement, not its validity. *See Spotts v. Stancil*, 793 F. App'x 702, 704 (10th Cir. 2019) (unpublished). And a § 2241 matter must be filed in the district in which the petitioner is incarcerated. *Id.*; *see also Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (explaining § 2241 petition is properly filed in district where inmate confined at filing time). Thus, this petition should have been filed in Florida's Northern District. (ECF No. 1.)

"A court may *sua sponte* cure . . . venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice," or the Court may instead "dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006); *see also* 28 U.S.C.S. § 1404(a) (2025) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought . . . ."); *id.* § 1631 (stating when "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed").

The factors to be weighed, when determining whether to transfer, include the following: "finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo*, 465 F.3d at 1223 n.16 (cleaned up). Here, a transfer in the interests of justice is unwarranted based on the Court's review of the petition, which reveals--above all--that the claims are meritless, as explained below.

**Claim One**. Petitioner challenges "an arrest warrant . . . establish[ing] that . . . jurisdiction of a federal judge Jill N. Parrish was fake, fraudulent, and fiction, as outlined by a legal summons." (ECF No. 1.) Judge Parrish is also mentioned in a similar fashion at other times in the Petition. (*Id.*) The Court's research of Judge Parrish's involvement with Petitioner is limited to his civil-rights case that she dismissed in this district court on February 2, 2023. *LoRusso v. Crowder*, No. 2:22-CV-448-JNP (D. Utah filed July 12, 2022). Thus, there is no reason to believe Judge Parrish would have been associated with a Florida arrest warrant. Further, his allegation that her jurisdiction "was fake, fraudulent, and fiction" is frivolous. (ECF No. 1); *see Avery v. Wade*, No. 22-4093, 2022 U.S. App. LEXIS 33905, at *2 (10th Cir. Dec. 9, 2022) (unpublished) ("A claim is frivolous . . . if it relies on an indisputably meritless legal theory or [c]learly baseless factual allegations . . . that are fantastic or delusional." (cleaned up)).

2

**Claim Two**. Petitioner asserts "that Justin Crowder is guilty of the Mann Act as outlined with P. Diddy trial under the Mann Act." (*Id.*) Judge Parrish notified Plaintiff in her earlier case that he "may not pursue criminal liability against Mr. Crowder through a civil rights complaint." *LoRusso*, No. 2:22-CV-448-JNP, at ECF No. 11. That is also true of a habeas-corpus action, which (again) is typically "used to attack [a petitioner's] sentence's execution." *Spott*, 793 F. App'x at 704.

**Claim Three**. Petitioner again seeks relief regarding the Crowder family, instead of attacking his own detention. (ECF No. 1.) He states that a Florida county sheriff is "'in total neglect of duty while allowing child trafficking ring,' involving a "14 year old girl named Zara Crowder." (*Id.*)

**Claim Four**. This claim is essentially incomprehensible and appears to say the following: "That again to amicus brief of 8:22-CV-2258-MSS-TGW. . . . First fraudulent violation which is under seige [sic] under Florida Republican governor Ron DeSantis. See Case No. 5:24-CV-705-KKM-PRL which that respondent has yet to furnish with a federal judicial order due June 14, 2025." (ECF No. 1.) Whatever these words may mean, they do not appear to attack Petitioner's detention in any rational way.

**IT IS THEREFORE CONCLUDED AND ORDERED** as follows:

**(1)** This action was improperly filed in the District of Utah, when it should have been filed in the Northern District of Florida.

**(2)** Because the Petition lacks merit, it is not in the interest of justice to transfer this action to the Northern District of Florida.

**(3)** For lack of proper venue, this action is **DISMISSED** without prejudice.

**(4)** A certificate of appealability is **DENIED**.

DATED this 1st day of December, 2025.

                                BY THE COURT:

                                JUDGE DAVID BARLOW
                                United States District Court