UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL LORUSSO,<br><br>                Petitioner,<br><br>v.<br><br>STATE OF FLORIDA,<br><br>                Respondent. | **MEMORANDUM DECISION & ORDER DENYING POST-JUDGMENT MOTION**<br><br>Case No. 2:25-cv-00475-DBB<br><br>District Judge David Barlow |

On December 1, 2025, this Court denied Petitioner's request for federal habeas corpus relief, which he brought under 28 U.S.C.S. § 2241 (2025). (ECF Nos. 1, 6.) The Court concluded, "This action was improperly filed in the District of Utah, when it should have been filed in the Northern District of Florida." (ECF No. 6, at 3.) The Court further decided, "Because the Petition lacks merit, it is not in the interest of justice to transfer this action to the Northern District of Florida." (*Id.* at 4.) The Court then dismissed this case without prejudice and denied a certificate of appealability. (*Id.*) Invoking Federal Rule of Civil Procedure 59(e), Petitioner filed "Motion for Reconsideration." (ECF No. 8).

"The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012) (cleaned up). "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (cleaned up). A 59(e) motion may be "appropriate where

1

the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In habeas cases, this rule often interplays with the federal statute about second-or-successive habeas petitions, 28 U.S.C.S. § 2244(b)(1)(B) (2025), but not here in which the Court did not decide any substantive issues on the merits. The only question then can be how Petitioner's argument--that the Court erred by concluding that venue in Utah is improper--measures up against Rule 59(e)'s standards. (ECF Nos. 6, 8.)

It appears that Petitioner possibly again suggests (as in his petition) that, because Judge Parrish's dismissed case is somehow mentioned in a Florida case, venue (or "jurisdiction," as Petitioner may call it) in Utah makes sense. (ECF No. 8.) To recap from the dismissal order challenged here, "[t]he Court's research of Judge Parrish's involvement with Petitioner is limited to his civil-rights case that she dismissed in this district court on February 2, 2023. *LoRusso v. Crowder*, No. 2:22-CV-448-JNP (D. Utah filed July 12, 2022)." (ECF No. 8, at 2.)

By positing that, because Judge Parrish's case is allegedly brought up in Petitioner's Florida criminal case, venue in Utah is proper, (ECF No. 8), Petitioner appears to be inviting the Court--under Rule 59(e)--to correct the Court's misapprehension of "the facts, a party's position, or the controlling law," *Servants of the Paraclete*, 204 F.3d at 1012. But that is not how things stand: Bolstering the conclusion that Florida venue is proper, Petitioner continues to concede in his post-judgment motion that he remains incarcerated in Florida, apparently under a Florida conviction, with the return address on his envelopes showing that he mailed his petition and motion from a Florida institution. (ECF Nos. 1-2, 8, 8-1.) As the Court states in its dismissal order, "a § 2241 matter must be filed in the district in which the petitioner is incarcerated." (ECF

No. 6 (citing *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007).) The Court thus rejects Petitioner's Rule 59(e) argument and denies his post-judgment motion. (ECF No. 8.)

**IT IS ORDERED** as follows:

**1.** Petitioner's motion for relief from the judgment is **DENIED**. (ECF No. 8.)

**2.** A certificate of appealability is **DENIED**.

**3.** This action remains closed.

DATED this 6th day of January, 2026.

BY THE COURT:

_____
DAVID BARLOW
United States District Judge